IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MARK MCATEE,**

    **Plaintiff,**

v.                                                  Case No. 2:19-cv-00661

**JIM RUBENSTEIN,** *et al.***,**

    **Defendants.**

# ORDER

Pending before the court are the plaintiff's motion for appointment of counsel (ECF No. 6) and his emergency motion to compel partial discovery (ECF No. 12). The undersigned will address each motion in turn.

    **A.**    **Emergency motion for partial discovery.**

Beginning with the plaintiff's emergency motion for partial discovery, the plaintiff requests that the court order the Mount Olive Correctional Complex to produce video footage from QI, pod 5, presumably on September 24, 2017, between the hours of 4:00 p.m. and 9:30 p.m., as well as audio recordings from "any special management hearings during the year 2017, around April, May, and June." (ECF No. 12 at 1). Because the defendants have not yet been served with process, this motion is premature. Additionally, the motion is overbroad because the plaintiff does not specify whether he is seeking audio recordings of only his own special management hearings or those of other inmates, and he has not demonstrated the relevancy thereof. Thus, it is hereby **ORDERED** that the plaintiff's emergency motion for partial discovery (ECF No. 12) is **DENIED WITHOUT**

**PREJUDICE**. The plaintiff may properly serve discovery requests for relevant information pursuant to Rules 26-37 of the Federal Rules of Civil Procedure once the defendants have been served with process and made an appearance herein.

Mindful of the plaintiff's concern that relevant evidence may not be preserved due to the prison's retention policies, it is hereby **ORDERED** that the Superintendent of the Mount Olive Correctional Complex (or the appropriate custodian of records of the West Virginia Division of Corrections and Rehabilitation) shall preserve, during the pendency of this litigation and any appeal therefrom, any and all video footage from QI, pod 5 on September 24, 2017, to the extent that the same exists, and any audio recordings from special management hearings or proceedings involving the plaintiff in April, May, or June of 2017. **Because service of process has not yet occurred, a copy of this Order shall be sent to the Superintendent of the Mount Olive Correctional Complex and the Legal Department of the West Virginia Division of Corrections and Rehabilitation.**

    B.    **Motion for appointment of counsel.**

Turning to the plaintiff's motion for appointment of counsel, the appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel."

It is clear that the plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v.*

*Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). Based upon the plaintiff's filings to date, the undersigned **FINDS** that there are no exceptional circumstances that would warrant the court to seek counsel to represent the plaintiff in this matter at the present time. Accordingly, the plaintiff's Motion for Appointment of Counsel (ECF No. 17) is hereby **DENIED WITHOUT PREJUDICE**.

    **C.**    **Service of process**.

The Clerk is directed to issue summonses for each of the specifically identified defendants and to deliver the same to the United States Marshals Service. It is further **ORDERED** that the United States Marshals Service shall undertake personal service of process on these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d).

The Clerk is directed to mail a copy of this Order to the plaintiff, the Superintendent of the Mount Olive Correctional Complex, and the Legal Department at the Central Office the West Virginia Division of Corrections and Rehabilitation.

    ENTER:    July 21, 2020

Dwane L. Tinsley
United States Magistrate Judge